1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GREGORY W. STEWART,

                Petitioner,

    v.

J. MACOMBER,

                Respondent.

_____/

1:11-cv-00814-DLB (HC)

ORDER DISMISSING PETITION FOR WRIT
OF HABEAS CORPUS WITHOUT
PREJUDICE

[Doc. 1]

      Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

     Petitioner challenges a September 15, 1994, conviction for sales of a controlled substance.  A review of the Court's docket reflects that Petitioner has previously petitions in this Court.  In case no. 1:00-CV-5452 SMS P, the petition was dismissed for violating the statute of limitations.  In case nos. 1:06-CV-01400 WMW HC, 1:09-cv000685 GSA HC, 1:09-cv-02212-JLT (HC), and 1:10-cv-00954-AWI-DLB (HC), the petitions were dismissed for being successive.

## DISCUSSION

      A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new,

1

1    retroactive, constitutional right or 2) the factual basis of the claim was not previously

2    discoverable through due diligence, and these new facts establish by clear and convincing

3    evidence that but for the constitutional error, no reasonable factfinder would have found the

4    applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the

5    district court that decides whether a second or successive petition meets these requirements,

6    which allow a petitioner to file a second or successive petition.

7         Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by

8    this section is filed in the district court, the applicant shall move in the appropriate court of

9    appeals for an order authorizing the district court to consider the application." In other words,

10   Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

11   petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must

12   dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave

13   to file the petition because a district court lacks subject-matter jurisdiction over a second or

14   successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v.

15   Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997); Nunez v.

16   United States, 96 F.3d 990, 991 (7th Cir. 1996).

17        Because the current petition was filed after April 24, 1996, the provisions of the

18   Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

19   petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has

20   obtained prior leave from the Ninth Circuit to file his successive petition attacking the

21   conviction.  That being so, this Court has no jurisdiction to consider Petitioner's renewed

22   application for relief from that conviction under Section 2254 and must dismiss the petition.  See

23   Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing

24   this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit.  See

25   28 U.S.C. § 2244 (b)(3).

26   ///

27   ///

28   ///

2

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus be DISMISSED as successive;

2) The Clerk of Court is DIRECTED to enter judgment; and

3) The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed, without prejudice, as successive under 28 U.S.C. § 2244(b)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.


IT IS SO ORDERED.

**Dated:   June 1, 2011**          _____/s/ **Dennis L. Beck**_____
                                    UNITED STATES MAGISTRATE JUDGE

3