# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STEWART, | 1:11-cv-00814-DLB (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | [Doc. 8] |
| J. MACOMBER, | |
| Respondent. | |

On June 1, 2011, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 was dismissed without prejudice as successive and judgment was entered.

On June 10, 2011, Petitioner filed a motion for reconsideration.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual

1 circumstances, unless the district court is presented with newly discovered evidence, committed

2 clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals,</u>

3 <u>Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations

4 marks and citations omitted, and "[a] party seeking reconsideration must show more than a

5 disagreement with the Court's decision, and recapitulation . . . " of that which was already

6 considered by the Court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d

7 1111, 1131 (E.D. Cal. 2001).

8  Petitioner does not set forth a sufficient basis to question the Court's June 1, 2011, order

9 dismissing the instant petition as successive.  Rather, it appears that Petitioner is attempting to

10 challenge the Court's dismissal of the prior petition in case number 1:00-cv-05452-SMS P for

11 violating the one-year statute of limitations.  The disposition of the prior petition is not in

12 question in this case.  Petitioner has not shown clear error or other meritorious grounds for relief,

13 and has therefore not met his burden as the party moving for reconsideration. <u>Marlyn</u>

14 <u>Nutraceuticals, Inc.</u>, 571 F.3d at 880.  Petitioner's challenge to the prior ruling in a different case

15 is not sufficient grounds for relief from the order.  Accordingly, Petitioner's motion is HEREBY

16 DENIED with prejudice.

17  IT IS SO ORDERED.

18  Dated:   **January 3, 2012**                    /s/ **Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE